## Goldstein Estate

*William Kendall*, for accountant.

*Nicholas Mattioli*, for Harry Goldstein, coëxecutor.

*Bennett Goldstein, Herman P. Weinberg, Bernard Dallen, John P. Carey, Harry J. Dragonetti* and *Jack H. Weiner*, for claimants.

KLEIN, P. P., May 20, 1960.—By decree of this court, dated July 24, 1959, Max Goldstein was adjudicated an incompetent, and The First Pennsylvania Banking and Trust Company was appointed guardian of his estate.

The present account has been filed because of the death on February 16, 1960, of the said Max Goldstein, leaving a will which was admitted to probate on

February 26, 1960, when letters testamentary were granted to Harry Goldstein and Nathan Goldstein.

All parties in interest are stated to have received notice of the audit.

At the audit Mr. Kendall, counsel for the accountant, presented a petition "for confirmation of account, allowances, distribution and discharge". Annexed to the said petition is a list of creditors who presented claims against the estate of the deceased incompetent. The auditing judge is without authority to pass upon these claims by virtue of the provisions of section 613 of the Incompetents' Estates Act of February 28, 1956, P. L. (1955) 1154, 50 PS §3613, which provides as follows:

"Upon the audit of the account of the guardian of a person who has died during incompetency, the auditing judge or auditor passing on the account shall not pass upon any claims against the estate of the incompetent other than necessary administration expenses, including compensation of the guardian and his attorney. All claims remaining unpaid at the incompetent's death shall be presented to the personal representative."

The auditing judge therefore cannot make any awards with respect to these claims, and it will be necessary for the same to be presented at the audit of the account of the personal representatives.

At the audit claims were presented by The First Pennsylvania Banking and Trust Company for its services as guardian in the sum of $1,500 and by Mr. Kendall for a counsel fee of $1,500. Mr. Kendall stated at the audit that he represented Nathan Goldstein, a son of the deceased incompetent and also one of the executors of his estate, and that the said Nathan Goldstein had no objection to the counsel fee claimed. Nicholas Mattioli, Esq., representing Harry Goldstein, a son of the deceased incompetent and also one of the

executors of his estate, objected to the amount of the commission claimed by the guardian and to the fee claimed by Mr. Kendall. Mr. Mattioli stated that in his opinion the guardian's principal commission and the fee of counsel should not be in excess of $1,000 each.

Harry D. Livingston, vice president of The First Pennsylvania Banking and Trust Company, testified at the audit in support of the claim of the guardian. His testimony was supplemented by a memorandum submitted to the auditing judge. Mr. Kendall also submitted a memorandum outlining the services which he rendered on behalf of the incompetent and the guardian. The auditing judge is familiar with the services rendered by the guardian and its counsel, Mr. Kendall, because he has been in close contact with the affairs of the incompetent prior to and since the appointment of the guardian.

Max Goldstein, the incompetent, was confused and senile for some time prior to the appointment of the guardian. His estate consisted primarily of eight parcels of real estate in South Philadelphia. He conducted a small restaurant business in one of these properties, and his son, Harry Goldstein, objectant, operated a check-cashing business in another of the properties. Because of the confused mentality of the incompetent, his affairs were in a chaotic condition when the guardian was appointed, and it required a tremendous effort on the part of the guardian and its counsel to straighten out the affairs of the incompetent.

In the opinion of the auditing judge, the claim of $1,500 by the guardian for its services and the claim of Mr. Kendall for a counsel fee of $1,500 are fair and reasonable under the circumstances of this case. There is no merit to the objection made by Harry Goldstein because the services rendered by both the guardian and its counsel were, in large measure, caused by the

problems created by him in connection with his check-cashing business and his relationship to his father generally. The claim of The First Pennsylvania Company, the accountant, for principal commission in the sum of $1,500 and the claim of William Kendall, Esq., in the sum of $1,500 for counsel fee are allowed, and they will be so awarded. . . .

And now, May 20, 1960, the account is confirmed nisi.